Filed 3/28/24  P. v. Yath CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br>v.<br><br>PENROTHANA YATH,<br><br>     Defendant and Appellant. | A168352<br><br>(Sonoma County<br>Super. Ct. No. SCR-752011-1<br>& SCR750937-1) |

Penrothana Yath was placed on formal probation pursuant to a plea agreement that resolved two criminal cases.  When he subsequently admitted violations of probation, the trial court ordered execution of the previously suspended stipulated sentence specified in his plea agreement.  On his appeal from that order, Yath's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which he raises no issue and asks this court for an independent review of the record.  Counsel attests that he advised Yath of his right to file a supplemental brief, but Yath has not filed one.

Having examined the entire record in accordance with *Wende*, we agree with counsel that there are no arguable issues requiring further briefing and affirm.

1

# BACKGROUND

On December 2, 2021, Jesus Rivas-Reynoso called the Santa Rosa police and said he was following his Honda Civic, which had been stolen. An officer was dispatched and initiated a traffic stop when the vehicle parked. The driver, Yath, said he had borrowed the car from "Jose." A records check revealed Yath had an active misdemeanor warrant and he was arrested.

Rivas-Reynosa said he had never met Yath, who did not have permission to take the car. The key in the ignition was for a Saturn rather than a Honda and the ignition cylinder was loose within the steering column; it appeared the Saturn key had been forced into the ignition in order to drive the car.

A complaint filed on December 10, 2021, charged Yath with three offenses committed on or about December 2, 2021: felony driving or taking a vehicle (1998 Honda) without consent (Veh. Code, § 10851, subd. (a)) (count 1), felony receiving stolen property (1998 Honda) (Pen. Code, § 496d, subd. (a)) (count 2), and misdemeanor possession of burglar's tools (*id.*, § 466.) (count 3). In connection with counts 1 and 2, it was alleged that Yath had three prior automobile theft-related convictions (*id.*, § 666.5), two for violating Vehicle Code section 10851, subdivision (a), and one for violating Penal Code section 496d.

On January 4, 2022, a Sonoma County sheriff's deputy noticed a Toyota being driven without a front license plate, with a non-functioning rear license plate light and non-functioning brake light. A records check showed the license plate belonged to a BMW and the officer initiated a traffic stop. The driver, Yath, did not have any paperwork for the vehicle, which he said he had purchased a couple of days before from a man named Miguel who was supposed to call and meet him with the paperwork.

2

Yath admitted he had a knife on his person and a " 'pipe' " in his pocket. A search revealed a folded knife in Yath's waistband and a broken pipe and a Zyrtec medication bottle containing 3.4 grams of methamphetamine in his jacket pocket. Yath's wallet contained a credit card in the name of Lucas Cotton and two checks issued by a credit union in the name of Noelle Alvey. A records check indicated the car had been reported stolen on December 29, 2021. Officers searched the car, found two vehicle certificate titles belonging to Abdul Majid and Jose Gomez, and noticed the key in the ignition did not belong to the vehicle. Yath had two active warrants. He admitted he thought it was "odd" for a person he had recently met to sell him a vehicle with no registration for $630 but said he was " 'high' " at the time. He admitted the methamphetamine was his, said he had stolen the credit cards and title certificates out of people's vehicles and found the checks in front of a laundromat. He was arrested.

A complaint filed on February 2, 2022, charged Yath with five offenses committed on or about January 5, 2022: felony driving or taking a vehicle (1996 Toyota Corolla) without the owner's consent (Veh. Code, § 10851, subd. (a)) (count 1); felony receiving stolen property (1996 Toyota Corolla) (Pen. Code, § 496d, subd. (a)) (count 2); misdemeanor receiving stolen property with value not exceeding $950 (license plates, personal checks, certificates of title, credit cards) (Pen. Code, § 496, subd. (a)) (count 3); misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) (count 4); and misdemeanor petty theft (Pen. Code, § 484, subd. (a)) (count 5). Counts 1 and 2 each included two special allegations of prior convictions for automobile theft (Pen. Code, § 666.5) for the two prior Vehicle Code section 10851, subdivision (a), convictions. It was additionally

3

alleged that the charged offenses were committed while Yath was released from custody on bail or own recognizance. (Pen. Code, § 12022.1.)

On March 24, 2022, Yath entered into a plea agreement pursuant to which, in each of cases SCR-750937-1 and SCR-752011-1, he entered a plea of no contest to one count of automobile theft (Veh. Code, § 10851, subd. (a)) and admitted the prior automobile theft conviction and on bail allegations (Pen. Code, §§ 666.5,[1] 12022.1), with the remaining counts to be dismissed. The plea agreement stated a stipulated custody term of seven years, six months for the automobile theft and on-bail enhancement in SCR-752011-1 plus a consecutive one year in SCR-750937-1. The agreement specified that sentence would be imposed with execution suspended and Yath would be placed on two years' probation with the requirement that he complete a residential drug treatment program at Turning Point. Yath also entered a plea of no contest in a trailing misdemeanor case.[2]

On May 23, 2022, defense counsel was relieved and new counsel was appointed for Yath. Yath then filed a *Faretta*[3] motion, which was granted. Yath filed a motion to withdraw his plea, which was denied after a hearing on August 2, 2022.

---

[1] The court referred to the prior conviction enhancement as Penal Code section 667.5, subdivision (a). This appears to be a misstatement: The complaints alleged enhancements under Penal Code section 666.5 and Penal Code 667.5—pertaining to enhancements for prior prison terms served for violent felonies—would not apply to the present case.

[2] As indicated in the probation reports, prior to the present offenses Yath had a lengthy history of misdemeanor and felony convictions for theft and drug offenses, with multiple violations of conditional sentences and probation.

[3] *Faretta v. California* (1975) 422 U.S. 806.

At sentencing on August 8, 2022, it was agreed that Yath would enter the Delancey Street program, to which he had been accepted. The court suspended execution of the seven-year term and placed Yath on 24 months' formal probation with various conditions.[4] He was transported to Delancey Street on August 30, 2022.

On September 21, 2022, a request for summary revocation of probation and issuance of a bench warrant was filed alleging that Yath left the court-ordered treatment program on September 14, prior to successfully completing the program, and had not reported to the probation department since.[5] On December 16, 2022, the probation department filed a supplemental report stating that Yath was arrested for misdemeanor possession of a controlled substance (fentanyl) and possession of drug paraphernalia (Health & Saf. Code, §§ 11350, 11364) on December 14. Counsel was appointed for Yath and the matter was continued a number of times over the next months. At a hearing on May 15, 2023, Yath sought to have different counsel appointed and, after a *Marsden*[6] hearing, the court denied his request.

---

[4] On January 4, 2023, Yath filed a notice of appeal from the August 8, 2022, order and request for a certificate of probable cause. The appeal was rejected by the superior court clerk as inoperative/untimely.

[5] Yath subsequently stated in a May 2023 interview that he left Delancey Street because his mother is elderly, his niece needed help and his brother was not helping. He said he would be willing to return if given the opportunity but also said he did not know what would be different and was not sure he would be able to complete the program. He accepted blame for having Pruno in his jail cell. The probation department's report stated Yath had been found in possession of Pruno on three separate occasions since entering custody in December 2022.

[6] *People v. Marsden* (1970) 2 Cal.3d 118.

On May 31, 2023, the court advised Yath of his hearing rights and Yath waived those rights and admitted the probation violations. The court found the waivers and admissions knowing, voluntary and intelligent, found Yath guilty of the violations, terminated probation unsuccessfully, ordered Yath's previously suspended sentence into effect, and awarded a total of 750 credits.

Yath filed timely notices of appeal on July 3, 2023.

**DISCUSSION**

Pursuant to *Wende*, we are required "to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende, supra,* 25 Cal.3d at p. 441; *Anders v. California* (1967) 386 U.S. 738.)

This appeal is from the orders finding Yath in violation of probation and ordering execution of the sentence that had previously been imposed with execution suspended. At the *Marsden* hearing on May 15, 2023, after hearing Yath's reasons for believing his appointed attorney was not helping him and counsel's response, the trial court found the attorney had properly represented Yath and would be able to continue to do so. The trial court advised Yath of his right to a hearing on the probation violations and found his waiver of rights and admission of the probation violations knowing, voluntary and intelligent. Yath was sentenced in accordance with the stipulated sentence specified in his plea agreement, which consisted of the upper term of four years for the automobile theft with a prior automobile theft (Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5, subd. (a)) in SCR-752011-1, two years for the on-bail enhancement (Pen. Code, § 12022.1) in that case, and a consecutive one-third middle term of one year for the automobile theft with a prior automobile theft in SCR-752011-1. He was

6

awarded custody and conduct credits pursuant to the probation department's calculation.

Our review of the record reveals no arguable issues requiring further briefing.

## DISPOSITION

The judgment is affirmed.

_____

STEWART, P. J.

We concur.


_____

MILLER, J.



_____

MAYFIELD, J. *



*People v. Yath* (A168352)

---

\* Judge of the Superior Court of Mendocino County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.